VELARDE & VELARDE
MICHAEL E. VELARDE, ESQ., SBN 266272
mvelarde@michaelvelardelaw.com
19200 Von Karman Ave., Suite 400
Irvine, CA 92612
T: (949) 492-4241
F: (949) 606-7168

Attorney for Plaintiff

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| BRITNI PONCE,<br>Plaintiff,<br>v.<br>ADOBE INC.,<br>Defendant. | Case No.:<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF:**<br><br>**(1) Harassment Because of Sex (Gender Harassment) under the FEHA;**<br>**(2) Gender Discrimination under the FEHA;**<br>**(3) Harassment Because of Marital Status under the FEHA;**<br>**(4) Marital Status Discrimination under the FEHA;**<br>**(5) Failure to Prevent Harassment and Discrimination;**<br>**(6) Hostile Work Environment Because of Sex/Gender — Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq.;**<br>**(7) Discrimination Because of Sex/Gender — Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq.; and**<br>**(8) Unequal Pay Because of Sex — Equal Pay Act of 1963, 29 U.S.C. § 206(d)**<br><br>Judge: Hon.<br><br>**DEMAND FOR JURY TRIAL** |

## I. THE PARTIES

1. Plaintiff Britni Ponce ("Plaintiff" or "Ms. Ponce") at all times mentioned in this Complaint worked for Defendant ADOBE INC., and was directed and managed by Defendant ADOBE INC. managers and supervisors that were in San Jose, California.

2. Defendant ADOBE INC. is a Delaware corporation that has its principal place of business and corporate headquarters in San Jose, California, and directed and managed Plaintiff Britni Ponce's employment from its principal place of business and corporate headquarters in San Jose, California.

3. Defendant employed Plaintiff, including as defined under the Fair Employment and Housing Act ("FEHA") at Government Code § 12926(d). In addition, Defendant compelled, coerced, aided, and abetted the discrimination and harassment, which is prohibited under California law, including the FEHA.

## II. JURISDICTION AND VENUE

4. This Court has original subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because Plaintiff's claims arise under the laws of the United States.

5. This Court has supplemental jurisdiction over Plaintiff's related California state-law claims pursuant to 28 U.S.C. § 1367(a) because those claims form part of the same case or controversy as the federal claims.

6. Venue is proper in this Court because a substantial portion of the events giving rise to this Complaint took place in San Jose, California, and Defendant has its principal place of business and corporate headquarters in San Jose, California, and Defendant directed and managed Plaintiff Britni Ponce's employment from its principal place of business and corporate headquarters in San Jose, California, and Defendant engaged in the harassing and discriminatory conduct from its principal place of business and corporate headquarters in San Jose, California. Moreover, Plaintiff's employment records are kept in Defendant's principal place of business and corporate headquarters in San Jose, California. Therefore, venue is proper in the Northern District of California

pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), and pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq.

## III. INTRADISTRICT ASSIGNMENT

7. Assignment of this action to the San Jose Division is proper because a substantial part of the events or omissions which give rise to the claims occurred in Santa Clara County, and Defendant Adobe Inc. resides and maintains its principal place of business in San Jose, Santa Clara County, California.

## IV. FACTS

8. Britni Ponce was employed by Adobe Inc. from 2018 to 2024. During that employment she was subjected to ongoing discrimination and harassment.

9. Britni Ponce was required to maintain a higher work load than her male colleagues; she was not invited to meetings that her male colleagues were invited to; she was not given the correct job code for her duties and position, which determines pay scale, even though her male colleagues were given the correct job code and pay, resulting in her unlawfully receiving lower pay; and she was paid less than male employees for substantially equal work. (Plaintiff continued to receive paychecks reflecting the discriminatory pay disparity through August of 2024, including within 300 days before she filed her charge with the EEOC.)

10. From 2021 through 2024 Britni Ponce was subjected to harassing and discriminatory treatment and comments by her supervisors and managers based on her sex/gender and marital status. Her supervisors and managers were aware that Ms. Ponce was married, and that her husband was not working, and they harassed her and discriminated against her because of that, berating her for being married to a man that was not working, because in their view she was the married woman, and he as the married man should be the bread winner. This harassment and discrimination included being told (through 2024): She should not have been promoted, and they should have put her on a personal improvement plan so maybe “it would have woken her husband up to get a job”; "have you made your husband pay for half of the bills?"; "has your husband gotten a job

yet?"; being inattentive while she was speaking; being dismissive of her contributions and ideas and subject to reprimand; in late 2023, paying her bonus only with the condition that she make a commitment to attend therapy, open and deposit earnings in a bank account separate from her husband, and demanding that her husband pay his share of the bills; in late 2023, demanding to see her paystubs, and demeaning and criticizing her deductions, stating she was "unwise" and "unintelligent" for making them; making negative comments about her child and casting her in a negative light as a mother; stating she was being "irrational" and "emotional”.

11. Ms. Ponce was finally forced to resign her employment in August of 2024, as a result of the ongoing discriminatory and hostile treatment. In response, she was told by her senior leader "that's the worst thing you could be doing"; "are you not educated enough to know that's not the right strategy?", “you are so unintelligent”, “you are risking your children’s lives”.

12. Her supervisors and managers routinely perpetrated this discrimination and harassment from their offices in San Jose, California.

13. Defendant had a legal duty to investigate and prevent this unlawful discrimination and harassment in the workplace. Defendant failed to investigate and prevent unlawful discrimination and harassment in the workplace, including as described above, and instead actively participated in discrimination and harassment.

14. Plaintiff suffered a loss of income and other intangible loss of other employment related opportunities because of Defendant’s unlawful conduct in an amount subject to proof. Plaintiff suffered mental and emotional distress, anxiety, humiliation, mental anguish, and loss of enjoyment of life because of Defendant’s unlawful conduct, resulting in her damage in an amount subject to proof at trial.

15. Defendant’s unlawful conduct was a substantial factor in causing Plaintiff’s damages.

16. Plaintiff has incurred and will incur attorney fees and costs in the bringing of this action in an amount subject to proof. Plaintiff is entitled to recover her attorney

fees and costs, including pursuant to the Fair Employment and Housing Act and Title VII of the Civil Rights Act of 1964.

17. Plaintiff has filed a complaint regarding Defendant's conduct with the State of California Civil Rights Department, and has received a written right to sue notice from said agency over said conduct (**Attached hereto as Exhibit A**). Plaintiff has filed this lawsuit within one year of the date of her right to sue notice.

18. Plaintiff has filed a complaint regarding Defendant's conduct with the U.S. Equal Employment Opportunity Commission and has received a written right to sue notice from said agency over said conduct (**Attached hereto as Exhibit B**). Plaintiff has filed this lawsuit within 90 days of the date of her right to sue notice.

## V. CAUSES OF ACTION

### FIRST CAUSE OF ACTION

**Harassment Because of Sex (Gender Harassment)**
**under the Fair Employment and Housing Act**
**(By Plaintiff Against Defendant ADOBE INC.)**

19. Plaintiff incorporates by this reference the allegations contained in the preceding paragraphs above as if fully set forth herein.

20. This action is brought pursuant to the California Fair Employment and Housing Act ("FEHA"), Government Code section 12900, *et seq.* and the corresponding regulations of the California Fair Employment and Housing Commission / Civil Rights Department, which prohibit discrimination and harassment. Within the time provided by law, Plaintiff filed a complaint with the DFEH / Civil Rights Department, in full compliance with administrative requirements and received a right-to-sue letter.

21. At all times in this complaint, Defendant ADOBE INC. regularly employed at least one employee, bringing Defendants within the provisions of section 12940 *et seq.* of the Government Code prohibiting employers or their agents from harassing their employees.

22. Defendant is liable for the harassment put forth above, including because Plaintiff's supervisors and managers harassed Ms. Ponce based on her Sex/Gender, which created a hostile work environment. The conduct of Defendant was directly harassing of Plaintiff, and contributed to a workplace environment hostile to Plaintiff, and Defendant directly participated in such conduct, in violation of the Fair Employment and Housing Act, Government Code § 12940(j). Defendant allowed and fostered an environment where unlawful harassment flourished.

23. In perpetrating the above-described actions, Defendant engaged in a continuing and ongoing pattern and practice of unlawful sex/gender harassment in violation of the FEHA. Defendant harassed Plaintiff, and Defendant failed to take immediate and appropriate preventive or corrective action. Defendant's acts of sex/gender harassment were sufficiently pervasive and severe as to alter the conditions of Plaintiff's employment and to create a hostile, intimidating and abusive work environment.

24. Plaintiff was injured and damaged as alleged above as a direct and legal result of the Defendant's unlawful acts, practices, and omissions in an amount subject to proof at trial. As a direct and proximate result of Defendant's willful, knowing, and intentional harassment of Plaintiff, Plaintiff has sustained and continues to sustain special and general damages. Plaintiff has suffered and continues to suffer monetary damages, loss of income and job opportunity, humiliation, mental pain and anguish, lowered self-esteem, sleeplessness, and emotional distress, all to her damage in an amount subject to proof at trial. Plaintiff claims such amount as damages together with pre and post-judgment interest thereon.

25. Defendant, by engaging in the aforementioned unlawful acts, practices and omissions alleged herein, engaged in intentional, reckless, willful, oppressive, and malicious conduct, acted with willful and conscious disregard of Plaintiff's rights, rights under FEHA, welfare, and safety, and caused great mental and emotional harm to Plaintiff. Therefore, an award of punitive and exemplary damages, sufficient to punish

Defendant and to serve as an example to deter Defendants from similar conduct in the future, should be made. Plaintiff claims such amount as damages to be determined at trial.

26. Defendant's acts further entitle Plaintiff to a permanent injunction enjoining the Defendant from failing to provide a workplace free from harassment and discrimination.

27. Plaintiff has incurred and continues to incur legal expenses and attorneys' fees in sums according to proof, which she is entitled to recover and which she seeks under this cause of action.

## SECOND CAUSE OF ACTION

### Gender Discrimination under the Fair Employment and Housing Act

### (By Plaintiff Against Defendant ADOBE INC.)

28. Plaintiff incorporates by this reference the allegations contained in the preceding paragraphs above as if fully set forth herein.

29. This action is brought pursuant to the California Fair Employment and Housing Act ("FEHA"), Government Code section 12900, *et seq.* and the corresponding regulations of the California Fair Employment and Housing Commission / Civil Rights Department, which prohibit discrimination and harassment. Within the time provided by law, Plaintiff filed a complaint with the DFEH / Civil Rights Department, in full compliance with administrative requirements and received a right-to-sue letter.

30. At all times in this complaint, Defendant ADOBE INC. regularly employed at least five employees, bringing Defendant within the provisions of section 12940 *et seq.* of the Government Code prohibiting employers or their agents from discriminating against their employees.

31. Defendant are liable for the discrimination put forth above, including because Plaintiff's supervisors and managers discriminated against Ms. Ponce based on her Sex/Gender. Defendant allowed and fostered an environment where unlawful discrimination flourished.

32. In perpetrating the above-described actions, Defendant engaged in a continuing and ongoing pattern and practice of unlawful sex/gender discrimination in violation of the FEHA. Defendant discriminated against Plaintiff, and Defendant failed to take immediate and appropriate preventive or corrective action.

33. Plaintiff was injured and damaged as alleged above as a direct and legal result of the Defendant's unlawful acts, practices, and omissions in an amount subject to proof at trial. As a direct and proximate result of Defendant's willful, knowing, and intentional conduct, Plaintiff has sustained and continues to sustain special and general damages. Plaintiff has suffered and continues to suffer monetary damages, loss of income and job opportunity, humiliation, mental pain and anguish, lowered self-esteem, sleeplessness, and emotional distress, all to her damage in an amount subject to proof at trial. Plaintiff claims such amount as damages together with pre and post-judgment interest thereon.

34. Defendant, by engaging in the aforementioned unlawful acts, practices and omissions alleged herein, engaged in intentional, reckless, willful, oppressive, and malicious conduct, acted with willful and conscious disregard of Plaintiff's rights, rights under FEHA, welfare, and safety, and caused great mental and emotional harm to Plaintiff. Therefore, an award of punitive and exemplary damages, sufficient to punish Defendant and to serve as an example to deter Defendant from similar conduct in the future, should be made. Plaintiff claims such amount as damages to be determined at trial.

35. Defendant's acts further entitle Plaintiff to a permanent injunction enjoining the Defendants from failing to provide a workplace free from discrimination.

36. Plaintiff has incurred and continues to incur legal expenses and attorneys' fees in sums according to proof, which she is entitled to recover and which she seeks under this cause of action.

///

///

**THIRD CAUSE OF ACTION**

**Harassment Because of Marital Status**

**under the Fair Employment and Housing Act**

**(By Plaintiff Against Defendant ADOBE INC.)**

37. Plaintiff incorporates by this reference the allegations contained in the preceding paragraphs above as if fully set forth herein.

38. This action is brought pursuant to the California Fair Employment and Housing Act ("FEHA"), Government Code section 12900, *et seq.* and the corresponding regulations of the California Fair Employment and Housing Commission / Civil Rights Department, which prohibit discrimination and harassment. Within the time provided by law, Plaintiff filed a complaint with the DFEH / Civil Rights Department, in full compliance with administrative requirements and received a right-to-sue letter.

39. At all times in this complaint, Defendant ADOBE INC. regularly employed at least one employee, bringing Defendant within the provisions of section 12940 *et seq*. of the Government Code prohibiting employers or their agents from harassing their employees.

40. Defendant is liable for the harassment put forth above, including because Plaintiff's supervisors and managers harassed Ms. Ponce based on her marital status, which created a hostile work environment. The conduct of Defendant was directly harassing of Plaintiff, and contributed to a workplace environment hostile to Plaintiff, and Defendant directly participated in such conduct, in violation of the Fair Employment and Housing Act, Government Code § 12940(j). Defendant allowed and fostered an environment where unlawful harassment flourished.

41. In perpetrating the above-described actions, Defendant engaged in a continuing and ongoing pattern and practice of unlawful marital status harassment in violation of the FEHA. Defendant harassed Plaintiff, and Defendant failed to take immediate and appropriate preventive or corrective action. Defendant's acts of marital status harassment were sufficiently pervasive and severe as to alter the conditions of

Plaintiff's employment and to create a hostile, intimidating and abusive work environment.

42. Plaintiff was injured and damaged as alleged above as a direct and legal result of the Defendant's unlawful acts, practices, and omissions in an amount subject to proof at trial. As a direct and proximate result of Defendant's willful, knowing, and intentional harassment of Plaintiff, Plaintiff has sustained and continues to sustain special and general damages. Plaintiff has suffered and continues to suffer monetary damages, loss of income and job opportunity, humiliation, mental pain and anguish, lowered self-esteem, sleeplessness, and emotional distress, all to her damage in an amount subject to proof at trial. Plaintiff claims such amount as damages together with pre and post-judgment interest thereon.

43. Defendant, by engaging in the aforementioned unlawful acts, practices and omissions alleged herein, engaged in intentional, reckless, willful, oppressive, and malicious conduct, acted with willful and conscious disregard of Plaintiff's rights, rights under FEHA, welfare, and safety, and caused great mental and emotional harm to Plaintiff. Therefore, an award of punitive and exemplary damages, sufficient to punish Defendant and to serve as an example to deter Defendants from similar conduct in the future, should be made. Plaintiff claims such amount as damages to be determined at trial.

44. Defendant's acts further entitle Plaintiff to a permanent injunction enjoining the Defendants from failing to provide a workplace free from harassment and discrimination.

45. Plaintiff has incurred and continues to incur legal expenses and attorneys' fees in sums according to proof, which she is entitled to recover and which she seeks under this cause of action.

///

///

///

**FOURTH CAUSE OF ACTION**

**Marital Status Discrimination under the Fair Employment and Housing Act**

**(By Plaintiff Against Defendant ADOBE INC.)**

46. Plaintiff incorporates by this reference the allegations contained in the preceding paragraphs above as if fully set forth herein.

47. This action is brought pursuant to the California Fair Employment and Housing Act ("FEHA"), Government Code section 12900, *et seq.* and the corresponding regulations of the California Fair Employment and Housing Commission / Civil Rights Department, which prohibit discrimination and harassment. Within the time provided by law, Plaintiff filed a complaint with the DFEH / Civil Rights Department, in full compliance with administrative requirements and received a right-to-sue letter.

48. At all times in this complaint, Defendant ADOBE INC. regularly employed at least five employees, bringing Defendants within the provisions of section 12940 *et seq*. of the Government Code prohibiting employers or their agents from discriminating against their employees.

49. Defendants are liable for the discrimination put forth above, including because Plaintiff's supervisors and managers discriminated against Ms. Ponce based on her marital status. Defendant allowed and fostered an environment where unlawful discrimination flourished.

50. In perpetrating the above-described actions, Defendant engaged in a continuing and ongoing pattern and practice of unlawful marital status discrimination in violation of the FEHA. Defendant discriminated against Plaintiff, and Defendant failed to take immediate and appropriate preventive or corrective action.

51. Plaintiff was injured and damaged as alleged above as a direct and legal result of the Defendant's unlawful acts, practices, and omissions in an amount subject to proof at trial. As a direct and proximate result of Defendant's willful, knowing, and intentional conduct, Plaintiff has sustained and continues to sustain special and general damages. Plaintiff has suffered and continues to suffer monetary damages, loss of income

and job opportunity, humiliation, mental pain and anguish, lowered self-esteem, sleeplessness, and emotional distress, all to her damage in an amount subject to proof at trial. Plaintiff claims such amount as damages together with pre and post-judgment interest thereon.

52. Defendant, by engaging in the aforementioned unlawful acts, practices and omissions alleged herein, engaged in intentional, reckless, willful, oppressive, and malicious conduct, acted with willful and conscious disregard of Plaintiff's rights, rights under FEHA, welfare, and safety, and caused great mental and emotional harm to Plaintiff. Therefore, an award of punitive and exemplary damages, sufficient to punish Defendant and to serve as an example to deter Defendant from similar conduct in the future, should be made. Plaintiff claims such amount as damages to be determined at trial.

53. Defendant's acts further entitle Plaintiff to a permanent injunction enjoining the Defendants from failing to provide a workplace free from discrimination.

54. Plaintiff has incurred and continues to incur legal expenses and attorneys' fees in sums according to proof, which she is entitled to recover and which she seeks under this cause of action.

## <u>FIFTH CAUSE OF ACTION</u>

### Failure to Prevent Harassment and Discrimination

### (By Plaintiff Against Defendant ADOBE INC.)

55. Plaintiff incorporates by this reference the allegations contained in the preceding paragraphs above as if fully set forth herein.

56. This action is brought pursuant to the California Fair Employment and Housing Act (including section 12940(k) of the Government Code), and the corresponding regulations of the California Fair Employment and Housing Commission / Civil Rights Department, which prohibit an employer from failing to take all reasonable steps necessary to prevent discrimination and harassment, including with regard to sex/gender and marital status.

57. Within the time provided by law, Plaintiff filed a complaint with the Civil Rights Department, in full compliance with administrative requirements and received a right-to-sue letter.

58. At all times in this complaint, Defendant regularly employed at least five employees, bringing Defendant within the provisions of the FEHA prohibiting employers or their agents from failing to take all reasonable steps necessary to prevent discrimination and harassment.

59. Defendant failed to take all reasonable steps necessary to prevent discrimination and harassment, including in that Defendant failed to comply with Civil Rights Department / Department of Fair Employment and Housing laws and regulations, failed to offer discrimination and harassment training, failed to maintain or execute an effective complaint procedure, failed to adequately educate employees about discrimination and harassment, and failed to properly respond to complaints. Defendant also failed to take all reasonable steps to prevent discrimination and harassment by personally engaging in discrimination and harassment against Plaintiff.

60. Defendant disregarded its legal obligation to prevent discrimination and harassment. As a result of Defendant's conduct, Plaintiff suffered discrimination and harassment in the workplace.

61. Plaintiff was injured and damaged as alleged above as a direct and legal result of the Defendant's unlawful acts, practices, and omissions in an amount subject to proof at trial. As a direct and proximate result of Defendant's willful, knowing, and intentional conduct, Plaintiff has sustained and continues to sustain special and general damages. Plaintiff has suffered and continues to suffer monetary damages, loss of income and job opportunity, humiliation, mental pain and anguish, lowered self-esteem, sleeplessness, and emotional distress, all to her damage in an amount subject to proof at trial. Plaintiff claims such amount as damages together with pre and post-judgment interest thereon.

62. Defendant, by engaging in the aforementioned unlawful acts, practices and omissions alleged herein, engaged in intentional, reckless, willful, oppressive, and malicious conduct, acted with willful and conscious disregard of Plaintiff's rights, rights under FEHA, welfare, and safety, and caused great mental and emotional harm to Plaintiff. Therefore, an award of punitive and exemplary damages, sufficient to punish Defendant and to serve as an example to deter Defendant from similar conduct in the future, should be made. Plaintiff claims such amount as damages to be determined at trial.

63. Defendant's acts further entitle Plaintiff to a permanent injunction enjoining Defendants from failing to provide a workplace free from discrimination and harassment.

64. Plaintiff has incurred and continues to incur legal expenses and attorneys' fees in sums according to proof, which she is entitled to recover and which she seeks under this cause of action.

**<u>SIXTH CAUSE OF ACTION</u>**

**Hostile Work Environment Because of Sex/Gender — Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq.**

**(By Plaintiff Against Defendant ADOBE INC.)**

65. Plaintiff incorporates by this reference the allegations contained in the preceding paragraphs above as if fully set forth herein.

66. This action is brought pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq., which prohibits discrimination and harassment. Within the time provided by law, Plaintiff filed a complaint with the U.S. Equal Employment Opportunity Commission, in full compliance with administrative requirements and received a right-to-sue letter.

67. At all times in this complaint, Defendant ADOBE INC. regularly employed at least fifteen employees, bringing Defendants within the provisions of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. prohibiting employers or their agents from harassing their employees.

68. Defendant is liable for the harassment put forth above, including because Plaintiff's supervisors and managers harassed Ms. Ponce based on her Sex/Gender, which created a hostile work environment. The conduct of Defendant was directly harassing of Plaintiff, and contributed to a workplace environment hostile to Plaintiff, and Defendant directly participated in such conduct, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. Defendant allowed and fostered an environment where unlawful harassment flourished.

69. In perpetrating the above-described actions, Defendant engaged in a continuing and ongoing pattern and practice of unlawful sex/gender harassment in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq.. Defendant harassed Plaintiff, and Defendant failed to take immediate and appropriate preventive or corrective action. Defendant's acts of sex/gender harassment were sufficiently pervasive and severe as to alter the conditions of Plaintiff's employment and to create a hostile, intimidating and abusive work environment.

70. Plaintiff was injured and damaged as alleged above as a direct and legal result of the Defendant's unlawful acts, practices, and omissions in an amount subject to proof at trial. As a direct and proximate result of Defendant's willful, knowing, and intentional harassment of Plaintiff, Plaintiff has sustained and continues to sustain special and general damages. Plaintiff has suffered and continues to suffer monetary damages, loss of income and job opportunity, humiliation, mental pain and anguish, lowered self-esteem, sleeplessness, and emotional distress, all to her damage in an amount subject to proof at trial. Plaintiff claims such amount as damages together with pre and post-judgment interest thereon.

71. Defendant, by engaging in the aforementioned unlawful acts, practices and omissions alleged herein, engaged in intentional, reckless, willful, oppressive, and malicious conduct, acted with willful and conscious disregard of Plaintiff's rights, welfare, and safety, and caused great mental and emotional harm to Plaintiff. Therefore, an award of punitive and exemplary damages, sufficient to punish Defendant and to serve

as an example to deter Defendant from similar conduct in the future, should be made. Plaintiff claims such amount as damages to be determined at trial.

72. Defendant's acts further entitle Plaintiff to a permanent injunction enjoining the Defendant from failing to provide a workplace free from harassment and discrimination.

73. Plaintiff has incurred and continues to incur legal expenses and attorneys' fees in sums according to proof, which she is entitled to recover and which she seeks under this cause of action.

## SEVENTH CAUSE OF ACTION

**Discrimination Because of Sex/Gender — Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq.**

**(By Plaintiff Against Defendant ADOBE INC.)**

74. Plaintiff incorporates by this reference the allegations contained in the preceding paragraphs above as if fully set forth herein.

75. This action is brought pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq., which prohibits discrimination and harassment. Within the time provided by law, Plaintiff filed a complaint with the U.S. Equal Employment Opportunity Commission, in full compliance with administrative requirements and received a right-to-sue letter.

76. At all times in this complaint, Defendant ADOBE INC. regularly employed at least fifteen employees, bringing Defendants within the provisions of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. prohibiting employers or their agents from discriminating against their employees.

77. Defendants are liable for the discrimination put forth above, including because Plaintiff's supervisors and managers discriminated against Ms. Ponce based on her Sex/Gender. Defendant allowed and fostered an environment where unlawful discrimination flourished.

78. In perpetrating the above-described actions, Defendant engaged in a continuing and ongoing pattern and practice of unlawful sex/gender discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq.. Defendant discriminated against Plaintiff, and Defendant failed to take immediate and appropriate preventive or corrective action.

79. Plaintiff was injured and damaged as alleged above as a direct and legal result of the Defendant's unlawful acts, practices, and omissions in an amount subject to proof at trial. As a direct and proximate result of Defendant's willful, knowing, and intentional conduct, Plaintiff has sustained and continues to sustain special and general damages. Plaintiff has suffered and continues to suffer monetary damages, loss of income and job opportunity, humiliation, mental pain and anguish, lowered self-esteem, sleeplessness, and emotional distress, all to her damage in an amount subject to proof at trial. Plaintiff claims such amount as damages together with pre and post-judgment interest thereon.

80. Defendant, by engaging in the aforementioned unlawful acts, practices and omissions alleged herein, engaged in intentional, reckless, willful, oppressive, and malicious conduct, acted with willful and conscious disregard of Plaintiff's rights, welfare, and safety, and caused great mental and emotional harm to Plaintiff. Therefore, an award of punitive and exemplary damages, sufficient to punish Defendant and to serve as an example to deter Defendant from similar conduct in the future, should be made. Plaintiff claims such amount as damages to be determined at trial.

81. Defendant's acts further entitle Plaintiff to a permanent injunction enjoining the Defendant from failing to provide a workplace free from discrimination.

82. Plaintiff has incurred and continues to incur legal expenses and attorneys' fees in sums according to proof, which she is entitled to recover and which she seeks under this cause of action.

**EIGHTH CAUSE OF ACTION**

**Unequal Pay Because of Sex — Equal Pay Act of 1963, 29 U.S.C. § 206(d)**

**(By Plaintiff Against Defendant ADOBE INC.)**

83. Plaintiff incorporates by this reference the allegations contained in the preceding paragraphs above as if fully set forth herein.

84. Defendant ADOBE INC. is an employer covered by the Fair Labor Standards Act.

85. Britni Ponce was not given the correct job code for her duties and position, which determines pay scale, even though her male colleagues performing substantially equal work were given the correct job code and pay, resulting in her unlawfully receiving lower pay; and she was paid less than male employees for substantially equal work. The jobs required equal skill, effort and responsibility, and were performed under similar working conditions. (Plaintiff continued to receive paychecks reflecting the discriminatory pay disparity through August of 2024.)

86. Plaintiff and her male colleagues performing the substantially equal work were subject to the same headquarters and management control of hiring, pay, and assignments.

87. Plaintiff repeatedly protested against this unequal pay, and Defendant knowingly and willfully violated the Equal Pay Act, and allowed that violation to continue.

88. Plaintiff seeks: Back pay; Liquidated damages in an equal amount; post judgment interest, and Attorney's fees and costs.

**PRAYER FOR RELIEF**

Wherefore, Plaintiff prays for judgment against Defendant as follows:

1. For general and special damages according to proof, including damages for economic losses, lost pay, and other employment benefits according to proof, and including damages for pain, suffering, and mental and emotional distress according to proof;

2. For exemplary/punitive damages according to proof;

3. For back pay, and liquidated damages in an equal amount;

4. For injunctive relief according to proof;

5. For pre-judgment and post-judgment interest on all damages awarded;

6. For reasonable attorneys' fees;

7. For costs of suit incurred, and all appropriate penalties; and

8. For any and all such other and further relief that may be deemed just and proper.

Dated: November 18, 2026

VELARDE & VELARDE

By:________________________
Michael Velarde
Attorney for Plaintiff

**<u>DEMAND FOR JURY TRIAL</u>**

Plaintiff demands a trial by jury.

Dated: November 18, 2026

VELARDE & VELARDE

By:________________________
Michael Velarde
Attorney for Plaintiff

# EXHIBIT A

STATE OF CALIFORNIA | California Housing and Homelessness Agency GAVIN NEWSOM, GOVERNOR

Civil Rights Department
651 Bannon Street, Suite 200 | Sacramento | CA | 95811
1-800-884-1684 (voice) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@calcivilrights.ca.gov

November 16, 2026

Britni Ponce
27875 Avenida Armijo
Laguna Niguel, CA 92677

RE: **Notice of Case Closure and Right to Sue**
CRD Matter Number: 202611-38352817
Right to Sue: Ponce / ADOBE INC. et al.

Dear Britni Ponce:

This letter informs you that the above-referenced complaint filed with the Civil Rights Department (CRD) has been closed effective November 16, 2026 because an immediate Right to Sue notice was requested.

This letter is also your Right to Sue notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

This matter may qualify for CRD's Small Employer Family Leave Mediation Program. Under this program, established under Government Code section 12945.21, a small employer with 5 -19 employees, charged with violation of the California Family Rights Act, Reproductive Loss Leave, or Bereavement Leave (Government Code sections 12945.2, 12945.6, or 12945.7) has the right to participate in CRD's free mediation program. Under this program both the employee requesting an immediate right to sue and the employer charged with the violation may request that all parties participate in CRD's free mediation program. The employee is required to contact the Department's Dispute Resolution Division prior to filing a civil action and must also indicate whether they are requesting mediation. The employee is prohibited from filing a civil action unless the Department does not initiate mediation within the time period specified in section 12945.21, subdivision (b) (4), or until the mediation is complete or is unsuccessful. The employee's statute of limitations to file a civil action, including for all related claims not arising under section 12945.2, is tolled from the date the employee contacts the Department regarding the intent to pursue legal action until the mediation is complete or is unsuccessful. Contact CRD's Small Employer Family Leave Mediation Pilot Program by emailing DRDOnlinerequests@calcivilrights.ca.gov and include the CRD matter number indicated on the Right to Sue notice.

STATE OF CALIFORNIA | California Housing and Homelessness Agency GAVIN NEWSOM, GOVERNOR

Civil Rights Department
651 Bannon Street, Suite 200 | Sacramento | CA | 95811
1-800-884-1684 (voice) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@calcivilrights.ca.gov

After receiving a Right-to-Sue notice from CRD, you may have the right to file your complaint with a local government agency that enforces employment anti-discrimination laws if one exists in your area that is authorized to accept your complaint. If you decide to file with a local agency, you must file before the deadline for filing a lawsuit that is on your Right-to-Sue notice. Filing your complaint with a local agency does not prevent you from also filing a lawsuit in court.

To obtain a federal Right to Sue notice, you must contact the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this CRD Notice of Case Closure or within 300 days of the alleged discriminatory act, whichever is earlier.

Sincerely,

Civil Rights Department

**COMPLAINT OF EMPLOYMENT DISCRIMINATION**
**BEFORE THE STATE OF CALIFORNIA**
**Civil Rights Department**
**Under the California Fair Employment and Housing Act**
**(Gov. Code, § 12900 et seq.)**

**In the Matter of the Complaint of**
Britni Ponce CRD No. 202611-38352817
Complainant,
vs.

ADOBE INC.
345 Park Ave.
San Jose, CA 95110

ADOBE SYSTEMS INCORPORATED
345 Park Ave.
San Jose, CA 95110

Anirban De
,

Ash Rai
,

Respondents

---

**1.** Respondent **ADOBE INC.** is an **employer** subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

**2.**Complainant is naming **ADOBE SYSTEMS INCORPORATED** business as Co-Respondent(s).
Complainant is naming **Anirban De** individual as Co-Respondent(s).
Complainant is naming **Ash Rai** individual as Co-Respondent(s).

**3**. Complainant **Britni Ponce**, resides in the City of **Laguna Niguel,** State of **CA.**

**4**. Complainant alleges that on or about **August 30, 2024**, respondent took the following adverse actions:

**Complainant was harassed** because of complainant's sex/gender, marital status, association with a member of a protected class, sexual harassment.

**Complainant was discriminated against** because of complainant's sex/gender, marital status, association with a member of a protected class and as a result of the discrimination was forced to quit, denied hire or promotion, reprimanded, denied equal pay, demoted, asked impermissible non-job-related questions, denied any employment benefit or privilege, denied work opportunities or assignments, given additional work responsibilities or assignments.

**Additional Complaint Details:** Britni Ponce was employed by Adobe Inc. from 2018 to 2024. During that employment she was subjected to ongoing discrimination and harassment.
Britni Ponce was required to maintain a higher work load than her male colleagues; she was not invited to meetings that her male colleagues were invited to; she was not given the correct job code for her duties and position, which determines pay scale, even though her male colleagues were given the correct job code and pay, resulting in her unlawfully receiving lower pay; she was paid less than male employees for substantially equal work; From 2021 through 2024 she was subjected to harassing and discriminatory treatment and comments by her supervisors and managers based on her sex/gender and marital status, including being told (through 2024): She should not have been promoted, and they should have put her on a personal improvement plan so maybe “it would have woken her husband up to get a job; "have you made your husband pay for half of the bills?"; "has your husband gotten a job yet?"; being inattentive while she was speaking; being dismissive of her contributions and ideas and subject to reprimand; in late 2023, paying her bonus only with the condition that she make a commitment to attend therapy, open and deposit earnings in a bank account separate from her husband, and demanding that her husband pay his share of the bills; in late 2023, demanding to see her paystubs, and demeaning and criticizing her deductions, stating she was "unwise" and "unintelligent" for making them;, making negative comments about her child and casting her in a negative light as a mother; stating she was being "irrational" and "emotional”. Ms. Ponce was finally forced to resign her employment in August of 2024, as a result of the ongoing discriminatory and hostile treatment. In response, she was told by her senior leader "that's the worst thing you could be doing"; "are you not educated enough to know that's not the right strategy?", “you are so unintelligent”, “you are risking your children’s lives”. Her supervisors and managers routinely perpetrated this discrimination and harassment from their offices in San Jose, California.

VERIFICATION

I, **Michael Velarde**, am the **Attorney** in the above-entitled complaint. I have read the foregoing complaint and know the contents thereof. The matters alleged are based on information and belief, which I believe to be true. The matters alleged are based on information and belief, which I believe to be true.

On November 16, 2026, I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

**Irvine, CA**

STATE OF CALIFORNIA | California Housing and Homelessness Agency GAVIN NEWSOM, GOVERNOR

Civil Rights Department
651 Bannon Street, Suite 200 | Sacramento | CA | 95811
1-800-884-1684 (voice) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@calcivilrights.ca.gov

November 17, 2026

Michael Velarde
19200 Von Karman Ave., Suite 400
Irvine, CA 92612

RE: **Notice to Complainant's Attorney**
CRD Matter Number: 202611-38352817
Right to Sue: Ponce / ADOBE INC. et al.

Dear Michael Velarde:

Attached is a copy of your **amended** complaint of discrimination filed with the Civil Rights Department (CRD) pursuant to the California Fair Employment and Housing Act, Government Code section 12900 et seq.

Pursuant to Government Code section 12962, CRD will not serve these documents on the employer. You or your client must serve the complaint.

The amended complaint is deemed to have the same filing date of the original complaint. This is not a new Right to Sue letter. The original Notice of Case Closure and Right to Sue issued in this case remains the only such notice provided by the CRD. (Cal. Code Regs., tit. 2, § 10022.)

Be advised that the CRD does not review or edit the complaint form to ensure that it meets procedural or statutory requirements.

Sincerely,

Civil Rights Department

**COMPLAINT OF EMPLOYMENT DISCRIMINATION**
**BEFORE THE STATE OF CALIFORNIA**
**Civil Rights Department**
**Under the California Fair Employment and Housing Act**
**(Gov. Code, § 12900 et seq.)**

**In the Matter of the Complaint of**
Britni Ponce CRD No. 202611-38352817
Complainant,
vs.

ADOBE INC.
345 Park Ave.
San Jose, CA 95110

ADOBE SYSTEMS INCORPORATED
345 Park Ave.
San Jose, CA 95110

Anirban De
,

Ash Rai
,

Respondents

---

**1.** Respondent **ADOBE INC.** is an **employer** subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

**2**.Complainant is naming **ADOBE SYSTEMS INCORPORATED** business as Co-Respondent(s).
Complainant is naming **Anirban De** individual as Co-Respondent(s).
Complainant is naming **Ash Rai** individual as Co-Respondent(s).

**3**. Complainant **Britni Ponce**, resides in the City of **Laguna Niguel,** State of **CA.**

**4**. Complainant alleges that on or about **August 30, 2024**, respondent took the following adverse actions:

**Complainant was harassed** because of complainant's sex/gender, marital status, association with a member of a protected class, sexual harassment.



Date Filed: November 16, 2026
Date Amended: November 17, 2026

**Complainant was discriminated against** because of complainant's sex/gender, marital status, association with a member of a protected class and as a result of the discrimination was forced to quit, denied hire or promotion, reprimanded, denied equal pay, demoted, asked impermissible non-job-related questions, denied any employment benefit or privilege, denied work opportunities or assignments, given additional work responsibilities or assignments.

**Additional Complaint Details:** Britni Ponce was employed by Adobe Inc. from 2018 to 2024. During that employment she was subjected to ongoing discrimination and harassment.
Britni Ponce was required to maintain a higher work load than her male colleagues; she was not invited to meetings that her male colleagues were invited to; she was not given the correct job code for her duties and position, which determines pay scale, even though her male colleagues were given the correct job code and pay, resulting in her unlawfully receiving lower pay; she was paid less than male employees for substantially equal work; From 2021 through 2024 she was subjected to harassing and discriminatory treatment and comments by her supervisors and managers based on her sex/gender and marital status. Her supervisors and managers were aware that Ms. Ponce was married, and that her husband was not working, and they harassed her and discriminated against her because of that, berating her for being married to a man that was not working, because in their view she was the married woman, and he as the married man should be the bread winner. This harassment and discrimination included being told (through 2024): She should not have been promoted, and they should have put her on a personal improvement plan so maybe “it would have woken her husband up to get a job; "have you made your husband pay for half of the bills?"; "has your husband gotten a job yet?"; being inattentive while she was speaking; being dismissive of her contributions and ideas and subject to reprimand; in late 2023, paying her bonus only with the condition that she make a commitment to attend therapy, open and deposit earnings in a bank account separate from her husband, and demanding that her husband pay his share of the bills; in late 2023, demanding to see her paystubs, and demeaning and criticizing her deductions, stating she was "unwise" and "unintelligent" for making them;, making negative comments about her child and casting her in a negative light as a mother; stating she was being "irrational" and "emotional”. Ms. Ponce was finally forced to resign her employment in August of 2024, as a result of the ongoing discriminatory and hostile treatment. In response, she was told by her senior leader "that's the worst thing you could be doing"; "are you not educated enough to know that's not the right strategy?", “you are so unintelligent”, “you are risking your children’s lives”. Her supervisors and managers routinely perpetrated this discrimination and harassment from their offices in San Jose, California.

VERIFICATION

I, **Michael Velarde**, am the **Attorney** in the above-entitled complaint. I have read the foregoing complaint and know the contents thereof. The matters alleged are based on information and belief, which I believe to be true. The matters alleged are based on information and belief, which I believe to be true.

On November 17, 2026, I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

**Irvine, CA**

# EXHIBIT B

# CHARGE OF DISCRIMINATION

Utah Anti-Discrimination & Labor Division and EEOC

UALD No:
EEOC No:

NAME *( Indicate Mr., Ms., Mrs. )* HOME TELEPHONE *( Include Area Code)*
Britni Ponce (801) 368-5841

STREET ADDRESS CITY, STATE AND ZIP CODE DATE OF BIRTH
1807 S Bridle Path Loop, Lehi UT 84043 Jan 04, 1991

**NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME** *( If more than one list below. )*

NAME TELEPHONE *( Include Area Code )*
Adobe Inc. (385) 345-0000

STREET ADDRESS COUNTY
3900 N Adobe Way, Lehi UT 84043 Utah

CAUSE OF DISCRIMINATION BASED ON
☐ RACE ☐ COLOR ☒ SEX ☐ RELIGION ☐ NATIONAL ORIGIN
☐ RETALIATION ☐ AGE ☐ DISABILITY
☐ GENDER IDENTITY ☐ SEXUAL ORIENTATION ☐ RELIGIOUS LIBERTY PROTECTION

DATE DISCRIMINATION TOOK PLACE
*EARLIEST* *LATEST*
08/30/2024
☐ CONTINUING ACTION

THE PARTICULARS ARE *( If additional space is needed, attach extra sheets(s)):*

**I was hired in March 2018 as a contractor, was a people programs manager, and later a senior systems analyst. I have reason to believe because of this, I have been subjected to harassment and discrimination.**

**From March 2021 through and including August 2024: my supervisors required me to perform 200-plus contracts and renewals, while the other members of my team, all males, were only required to perform 10-30 contracts and renewals; my supervisors stated that team meetings were for everyone, but I did not receive meeting invitations, while the other members of my team, all males, received meeting invitations; and my supervisors refused to give me a correct job code, which determines pay scale, and told me that changing the job code would be too difficult administratively, resulting in me receiving lower pay.**

**From March 2021 through and including August 2024, I was paid less than male employees for substantially equal work. I was paid $96-116,000 in yearly salary, while males in substantially similar positions were paid $180-275,000 in yearly salary. Additionally, employees in my job code were paid $138-200,000.**

**From March 2021 through and including August 2024, I was subjected to harassing and discriminatory treatment and comments by my supervisors based on my sex, which treatment was not directed toward the other members of my team, all males, including: stating I should not have been promoted, and “we should have put her on a personal improvement plan so maybe it would have woken her husband up to get a job”; “have you made your husband pay for half of the bills?”; “has your husband gotten a job yet?”; “that’s the worst thing you could be doing”; “are you not educated enough to know that’s not the right strategy?”; being inattentive while I was speaking; being dismissive of my contributions and ideas and subject to reprimand; in late 2023, paying my earned performance bonus only with the conditions that I attend therapy, open and deposit earnings in a bank account separate from my husband, and demand my husband pay his share of the bills; in late 2023, demanding to see my paystubs, and demeaning and criticizing my deductions, stating I was “unwise” and “unintelligent” for making them; on August 15, 2024, making negative comments about my child and casting me in a negative light as a mother; on August 30, 2024, stating I was being “irrational” and “emotional.”**

**On August 30, 2024, I was forced to resign my employment as a result of the discriminatory treatment, which adversely affected my mental and physical health and created a hostile work environment.**

**I believe I have been harassed and discriminated against based on my sex. I believe the acts of my employer are in violation of Title VII of the Civil Rights Act of 1964, the Equal Pay Act of 1963, and the Utah Antidiscrimination Act of 1965, all as amended.**

I understand this charge will be filed with both the EEOC and the State or local Agency, if any, unless jurisdictional issues dictate otherwise. I will advise the agencies if I change my address or telephone number and cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare and affirm under criminal penalty under the law of Utah that the foregoing is true and correct.
Signed on the 02/26/2025 day of ______, ______, at Lehi, Utah.
Date Month Year City or other location, and state or country

Britni Ponce
Printed name

Britni Ponce
Britni Ponce (Feb 26, 2025 10:30 MST)
Signature

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

**Phoenix District Office**
3300 North Central Avenue, Suite 690
Phoenix, AZ 85012
(602) 661-0002
Website: www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS

(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 08/28/2026

**To:** Britni Ponce
1807 S. Bridle Path Loop
Lehi, UT 84043

Charge No: 35C-2025-00233

EEOC Representative and email: Roxanne Magnuson
Federal Investigator
ROXANNE.MAGNUSON@EEOC.GOV

---

### DETERMINATION AND NOTICE OF RIGHTS

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and make no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice that the EEOC has dismissed your charge and has issued you notice of your right to sue the respondent(s) on this charge. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of EEOC's official notice of dismissal.** You should keep a record of the date you received the EEOC's official notice of dismissal. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 35C-2025-00233.

On behalf of the Commission,

Melinda Caraballo
Director

**Cc:**
Matthew Diton
Arnold & Porter Kaye Scholer LLP
4 Embarcadero Center 14th Floor
San Francisco, CA 94111

NA NA
3900 ADOBE WAY
LEHI, UT 84043

Kara Arguello
Adobe Inc.
345 Park Ave
San Jose, CA 95110

Please retain this Notice for your records.

# Information Related to Filing Suit Under the Laws Enforced by the EEOC

*(This information relates to filing suit in Federal or State court* ***under Federal law****. If you also plan to sue claiming violations of State law, please be aware that time limits may be shorter and other provisions of State law may be different than those described below.)*

## Important Time Limits – 90 Days to File a Lawsuit

If you choose to file a lawsuit against the respondent(s) named in the charge of discrimination, you must file a complaint in court **within 90 days of the date you *receive* EEOC's official notice of dismissal**. You should **keep a record of the date you received EEOC's official notice of dismissal**. Once this 90-day period has passed, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and the record of your receiving EEOC's official notice of dismissal (email or envelope).

If your lawsuit includes a claim under the Equal Pay Act (EPA), you must file your complaint in court within 2 years (3 years for willful violations) of the date you did not receive equal pay. This time limit for filing an EPA lawsuit is separate from the 90-day filing period under Title VII, the ADA, GINA, the ADEA, or the PWFA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA, the ADEA, or the PWFA, in addition to suing on the EPA claim, your lawsuit must be filed within 90 days of your receipt of EEOC's official notice of dismissal and within the 2- or 3-year EPA period.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Filing this Notice is not enough. For more information about filing a lawsuit, go to https://www.eeoc.gov/employees/lawsuit.cfm.

## Attorney Representation

For information about locating an attorney to represent you, go to:
https://www.eeoc.gov/employees/lawsuit.cfm.

In very limited circumstances, a U.S. District Court may appoint an attorney to represent individuals who demonstrate that they are financially unable to afford an attorney.

## How to Request Your Charge File and 90-Day Time Limit for Requests

There are two ways to request a charge file: 1) a Freedom of Information Act (FOIA) request or 2) a "Section 83" request. You may request your charge file under either or both procedures. EEOC can generally respond to Section 83 requests more promptly than FOIA requests.

Since a lawsuit must be filed within 90 days of EEOC's official notice of dismissal, please submit your FOIA and/or Section 83 request for the charge file promptly to allow sufficient time for EEOC to respond and for your review.

**To make a FOIA request for your charge file**, submit your request online at https://eeoc.arkcase.com/foia/portal/login (this is the preferred method). You may also submit a

FOIA request for your charge file by U.S. Mail by submitting a signed, written request identifying your request as a "FOIA Request" for Charge Number 35C-2025-00233 to the District Director Melinda Caraballo, 3300 North Central Avenue Suite 690, Phoenix, AZ 85012.

**To make a Section 83 request for your charge file**, submit a signed written request stating it is a "Section 83 Request" for Charge Number 35C-2025-00233 to the District Director Melinda Caraballo, 3300 North Central Avenue Suite 690, Phoenix, AZ 85012.

You may request the charge file up to 90 days after receiving EEOC's official notice of dismissal. After the 90 days have passed, you may request the charge file only if you have filed a lawsuit in court and provide a copy of the court complaint to EEOC.

For more information on submitting FOIA requests, go to https://www.eeoc.gov/eeoc/foia/index.cfm.

For more information on submitted Section 83 requests, go to https://www.eeoc.gov/foia/section-83-disclosure-information-charge-files.